## TURNER v. B. & L. ASSOCIATION.

1. B. & L. ASSOCIATION—USURY.—Where a bond, taken by a building and loan association, stipulates that the total amount received by the association in payment shall not exceed the amount loaned and eight per cent. interest, it is not usurious.

2. MORTGAGE—USURY—REV. STAT., 1391.—A party buying property under mortgage, which he pays as part of the purchase money, may bring an action against the mortgagee to recover any usurious interest paid by him on such mortgage. MR. CHIEF JUSTICE MCIVER *dissents.*

Before WITHERSPOON, J., Edgefield, December, 1895. Reversed.

Action by Wiley H. Turner and Kate M. Grice against the Interstate Building and Loan Association upon the following complaint:

I. That the defendant, the Interstate Building and Loan Association, are now, and were at the times hereinafter mentioned, a body politic and corporate, under and by virtue of the laws of the State of Georgia, and carried on the business of loaning money, with its principal business office in the city of Columbus, in said State of Georgia, and that said defendants, at the times hereinafter mentioned, also carried on the business of loaning money in the county of Edgefield, in the State of South Carolina.

II. That on or about the 20th day of January, 1890, one Rebecca M. Jones, at Edgefield, in the State of South Carolina, subscribed for twenty shares of the capital stock in said defendant association, and thereupon became a regular shareholder in said corporation and thereafter paid monthly instalments of $12 per month upon twenty shares stock subscribed by her as aforesaid, which amount she continued to pay out up to 15th May, 1890; and on said day said defendant loaned to Mrs. Rebecca M. Jones the sum of $1,000, upon interest at the rate of six per cent. per annum, for which the said Rebecca M. Jones did execute her bond to the defendants, the same bearing date May 15th, 1890, and conditioned to pay unto them $12 in instalments upon said capital stock, and $5 per month as interest upon said loan; it being further stipulated in said bond that in final settlement of the same, the amounts to be retained by defendant should not exceed the sum actually loaned, with interest thereon at the rate of eight per cent. per annum. That on the same day said

bond was given to the defendant, the said Rebecca M. Jones, for the purpose of securing the payment of said bond, also executed to the defendant a mortgage, covering the following described real estate, to wit: One lot or parcel of land, situate, lying and being in the county of Edgefield, and State of South Carolina, within the corporate limits of Edgefield village, formerly occupied by Smith & Jones as coachmakers, with all the work shops, stables and buildings thereon, bounded by lands of Mrs. M. B. Cartledge, Mrs. Whitaker, and the road leading in rear of court house, known as the Cheatham plank road, containing one acre, more or less. Also, another lot or parcel of land, in the same county and State, upon which there was formerly a work shop occupied by M. A. Markert, and bounded by lands formerly owned by Mrs. H. Tillman, lands of J. H. Hollinsworth and others, running fifty-seven feet on Spann street, and running back south fifty feet, together with the livery stables now standing thereupon. And also another lot of land in the county and State, upon which there is a brick blacksmith shop, bounded by lands of J. L. Addison, W. D. Penn and others, and by Spann street, containing fifty-eight feet east and west, and forty-four feet north and south.

III. That thereupon the said Mrs. Rebecca M. Jones continued to pay unto the defendants the monthly instalments as called for by the conditions in said bond until the 12th day of November, 1892, at which time she conveyed said premises by deed of conveyance to the plaintiffs, who are residents of this State, and at the same time assigned to them all of her rights, title and interest in the said twenty shares of capital stock in the defendant company, the plaintiffs assuming the payment of said bond and mortgage by agreeing to pay the monthly instalments of subscription to said capital stock and interest therein stipulated, and the defendants, on their part, consenting to such transfer of capital stock, and did thereafter recognize and deal with the plaintiffs as the owners of said capital stock and payees of

said bond, and did thenceforward receive from them the monthly instalments upon the said stock, and interest upon said loan, which two amounts the plaintiffs continued to pay up to and including the instalment which fell due in the month of March, 1895, at which time the plaintiffs proposed to pay off the balance then due upon said bond and mortgage, which proposition was duly accepted by the defendants, and they thereupon demanded, as the balance due upon the bond and mortgage, the sum of $591.90, which the plaintiffs alleged was unjust and usurious; but the defendants refused to cancel and deliver up said bond and mortgage unless the amount demanded by them as aforesaid was fully paid, and the plaintiffs thereupon paid the same under protest, and received from the defendants the said bond and mortgage of Mrs. Rebecca M. Jones duly satisfied.

IV. The plaintiffs, further complaining of the defendants, allege that the legal amount due upon said bond and mortgage at the settling of the same amounted to only $182.44, and not $591.90, as demanded and received by the defendants; and the plaintiffs further charge that the defendants, by receiving said sum of $591.90 in settlement of said bond and mortgage, have exacted and received upon their said loan interest at the rate of 12 9-10 per cent. per annum, and are thereby guilty of receiving usurious interest to the amount of $309.46, and, under the laws of this State, have forfeited and are liable to the plaintiffs in the sum of $618.92, with interest thereon from the 15th day of March, 1895.

To this complaint the defendant interposed the following demurrer:

I. That it appears upon the face of the complaint that the contract therein mentioned was not usurious. II. Because, if the contract were usurious, the same was made between these defendants and one Mrs. Rebecca M. Jones, between whom and the plaintiffs there was not such relations as entitled them to the benefit of the plea of usury.

The following is so much of the decree of the Circuit Judge as is necessary to understand the question decided:

I conclude that the defendant's demurrer cannot be sustained upon the first ground above mentioned. *Building and Loan Association* v. *Dorsey*, 15 S. C., 463. The first ground is overruled.

The second ground urged in support of the demurrer presents a question which has never been before the Court of this State, so far as I am advised. "Can the plaintiffs, as transferees of the rights of Mrs. Rebecca M. Jones, maintain this action against defendant, under the amendatory act of 1882, for double the amount of *usurious* interest alleged to have been *received* by defendant?" The act of 1877 (section 1390 Revised Statutes 1893) provides a penalty for *charging* unlawful interest on money loaned; the amendatory act of 1882 (section 1391 Revised Statutes 1893) merely provides an additional penalty for *receiving* unlawful interest upon a loan. Both of these acts were intended to protect the *borrower* from the unlawful exacting of *interest* by the lender upon money loaned or advanced. As the relief to be afforded under section    of said acts is in the nature of a *penalty*, the acts must be strictly construed. In the case of *Jeffries* v. *Allen*, 29 S. C., 508, the general rule is stated to be, that no one but the borrower, his sureties, heirs, devisees or personal representatives, can set up a plea of *usury;* see, also, Tyler on Usury, page 403. In section 8, page 949, of 27 Am. & Eng. Enc., it is stated to be settled by a multitude of decisions, that the right to plead usury is a *privilege* personal to the debtor, that the defense has been compared to that of infancy. In section 937 of 2 Pom. Eq. Jur., it is stated that the right to complain of usury is a *personal* one, belonging only to the borrower and his representatives. No other party is entitled to relief, defensive or affirmative.

It appears on the face of the complaint that the plaintiffs assumed the payment of Mrs. Rebecca M. Jones' bond and mortgage to the defendant as part of the consideration of

26—47

the conveyance of the mortgaged premises by Mrs. Rebecca M. Jones to plaintiffs. The doctrine is generally settled, that when land subject to a *usurious* mortgage is conveyed to a grantee, who assumes the payment thereof as a part of the consideration of the conveyance, he cannot set up the usury section as a defense to a foreclosure suit, or as a ground for the cancellation of the security. The same is true of any transferee of property, who, as part of the consideration, assumes the payment of the *usurious* debt. 2 Pow. Eq. Im. Sashur, 937; 2 Jones on Mortgages, sec. 1494; *Hardin* v. *Tirrumine*, 30 S. C., 395. In considering the section of *usury* act under which this action is instituted, the Court seems to intimate that said section was intended for the benefit of the *borrower*. Under the authorities above cited, I conclude that the defendant's demurrer *must be sustained upon the second ground* above stated, it appearing upon the face of the complaint that this action cannot be maintained by the plaintiffs as transferees of the rights of Mrs. Rebecca M. Jones under the contract set forth in the complaint.

It is, therefore, ordered and adjudged, that the plaintiffs' complaint be dismissed with costs.

From this decree the plaintiffs appeal on the following exceptions:

1. Because the contract between the defendant and Mrs. Rebecca M. Jones was not usurious on its face, and his Honor, the Circuit Judge, erred in not so deciding.

2. Because the defendant having consented to the transfer of the stock in their company to plaintiffs, and also the transfer of the real estate of Mrs. Rebecca M. Jones to the plaintiffs, and having also consented to and received the payments on said stock and on the money borrowed from the plaintiffs in the place of the said Rebecca M. Jones, the plaintiffs have the same rights under the law as the said Rebecca M. Jones would have had to enforce the penalties against the defendant for violating the usury law of this State, and the Circuit Judge erred in not so deciding.

3. Because it appears under the pleadings herein, and the bond given by Mrs. Rebecca M. Jones to the defendant, that the contract made by the defendant was not by its terms usurious, but that the defendant has violated the usury law of this State in having received a greater rate of interest than is allowed by law, and having exacted such illegal payment of interest from the plaintiffs, they are entitled to recover of the defendant the amount of the penalties allowed by law for such violations of the usury laws, and his Honor, the Circuit Judge, erred in not so deciding.

4. Because it appears from the pleadings and the bond of Mrs. Rebecca M. Jones, that the plaintiffs have paid more to the defendant than was due upon said bond. And without reference to the usury laws, the plaintiffs have the right to recover of the defendant the amount of such over-payment on said bond, and his Honor, the Circuit Judge, erred in not so deciding.

5. Because the Circuit Judge erred in sustaining the demurrer herein.

The defendant also appeals on the following exceptions, and gave notice of sustaining the decree on following ground:

That his Honor erred in overruling the first ground of defendant's demurrer to the complaint herein. You will further take notice, that upon the argument of this case in the Supreme Court, if the Supreme Court should fail to sustain the judgment of the Circuit Judge dismissing the complaint upon the ground upon which the Circuit Judge relies, then we will ask the Supreme Court to sustain the judgment dismissing the complaint upon the ground above stated, to wit: That the Circuit Judge erred in overruling the defendant's first ground of demurrer.

*Messrs. Croft & Tillman,* for plaintiff, appellant, cite: *Usury:* 4 Stat., 363; 6 Stat., 409; Rev. Stat., 1390, 1391; 1 N. & McC., 54; 1 Mill Con. Rep., 394; 20 Johnson, 290; 2 Rich., 318; 31 S. C., 282.

*Messrs. Sheppard Bros.*, contra, cite: *Usury:* 28 S. C., 543, 544; Endlich on B. & L. A., secs. 152, 129, 238, 329, 336; Tyler on Usury, p. 100; 1 Wall, 604; Blydenburg on Usury, 85, 86; 46 Ga., 166; 63 Ga., 373.

July 31, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The specific objections to the complaint are set out in the order sustaining the demurrer and dismissing the complaint, which, together with the complaint and plaintiffs' and defendants' exceptions will be incorporated in the report of the case. Both the plaintiffs and the defendants appeal from the order of his Honor, Judge Witherspoon, in so far as it decides that the contract upon its face is usurious. The complaint alleges that upon final settlement the amounts to be retained by the defendant were not to exceed the sum actually loaned, with interest thereon at the rate of eight per cent. per annum. Such a stipulation prevents the contract from being illegal, which, otherwise, would be usurious. *Buist* v. *Bryan*, 44 S. C., 121; *Thompson* v. *Gillison*, 28 S. C., 542. There was error, therefore, on the part of his Honor in holding that the contract upon its face is usurious.

The plaintiffs' other exceptions allege error on the part of the Circuit Judge in sustaining the demurrer upon the second objection urged against the complaint. Section 1390 of the Rev. Stat. is as follows: "No greater rate of interest than seven per cent. per annum shall be charged, taken, agreed upon or allowed, upon any contract arising in this State, for the hiring, lending or use of money or other commodity, except upon written contracts, wherein by express agreement a rate of interest not exceeding eight per cent. may be charged. No person or corporation lending or advancing money or other commodity upon a greater rate of interest, shall be allowed to

recover, in any Court of this State, any portion of the interest so unlawfully charged; and the principal sum, amount or value so lent or advanced, without any interest, shall be deemed and taken by the Courts of this State to be the true legal debt or measure of damages, to all intents and purposes whatsoever, to be recovered without costs * * *. " Section 1391 of the Rev. Stat. is as follows: "Any person or corporation who shall receive as interest any greater amount than is provided for in the preceding section, shall, in addition to the forfeiture therein provided for, forfeit also double the sum so received, to be collected by a separate action, or allowed as a counter-claim to any action brought to recover the principal sum." The allegations of the complaint are to the effect that, at the time the usurious interest was received, Mrs. Rebecca M. Jones, the mortgagor, had no interest whatever either in the shares of stock or the mortgaged property; that the defendants consented to the transfer of Mrs. Jones' shares of stock, and thereafter recognized and dealt with the plaintiffs as owners of the stock and payers of said bond; and that the defendant thereafter received from the plaintiffs the monthly instalments upon said stock, and interest upon said loan, which amounted to a greater rate of interest than eight per cent. per annum. The defendant's attorneys, in their argument, contend that the complaint does not allege that the payments were made *on account of interest* other than the $5 per month, and that, therefore, the complaint is insufficient in form. Paragraph IV of the complaint contains the allegations as to the receipt of usurious interest, and that they are sufficient for that purpose, it is only necessary to refer to *Harrell* v. *Parrott*, 45 S. C. It is contended that the defense of usury being *personal* in its nature to the debtor, the plaintiffs herein cannot maintain this action. If the alleged usurious interest had been received from Mrs. *Rebecca M. Jones*, quite a different question would be presented from the one now before the Court. The test as to the right of a party to bring an action under section 1391, *supra*,

is, to whom did the cause of action accrue? If the usurious interest was *received* from the person bringing the action, he is the one who has suffered damage, and he is the one to bring the action for such damage. At the time the usurious interest is alleged to have been received, it was a matter of indifference to Mrs. Jones what amount was required by way of interest, but it was a matter of concern to the plaintiffs, who were compelled to pay it. Being the parties alleged to have been wronged, they are the proper parties to bring action to redress such wrong.

It is, therefore, the judgment of this Court, that the order of the Circuit Court be reversed.

MR. JUSTICE JONES, *concurring.* I concur. Appellants, respondents, and the Court are unanimous that the contract referred to in this case is not usurious. Therefore, this is not a case wherein the borrower's assignee sets up the plea of usury against an usurious contract, hence authorities to sustain the proposition that the plea of usury is personal to the borrower are not applicable. The question is one of statutory construction. Is the remedy provided in the usury statutes of this State confined alone to the borrower on an usurious contract, or are the terms of the statutes, in view of the mischief sought to be prevented, broad enough to give the assignee of the borrower's contract, which is not usurious, a remedy against the lender, who exacts and receives of the assignee unlawful interest thereon? I think the complaint in this case is sustainable under the statutes quoted in the opinion of Mr. Justice Gary, and I agree with him in his construction thereof.

MR. JUSTICE POPE, *concurring.* I am induced to concur generally in the opinion of Mr. Justice Gary, for these reasons, thus briefly expressed: First. I hold that, as the certificates of shares in the defendant association are *choses in action*, such shares, when assigned to the plaintiffs, carried with them to the assignees all the rights and liabilities of the original holder thereof. Second. While I still believe,

as expressed in the *Sumter B. & L. Association* v. *Winn*, 45 S. C.,     , that the shareholders in such association are in equity stopped from charging usury upon the association as long as they hold shares in such an association, which shares are enhanced in value by usurious interest collected from brother stockholders, yet I bow to the decision of the majority of the Court, as expressed in the decision just quoted above.

MR. CHIEF JUSTICE MCIVER, *dissenting*. While I agree with the view taken by Mr. Justice Gary, as to the first ground of the demurrer, and do not deem it necessary to add anything to what he has said on that point, I cannot concur with him in the view which he has taken as to the second ground of the demurrer. On the contrary, I agree with the Circuit Judge as to that point. The rights growing out of usury, in a contract brought before the Court for adjudication, are solely the creatures of statute, which, in my judgment, were enacted solely for the benefit of *borrowers*, and were designed to protect that unfortunate class of persons from the greed and extortion of the money lender, who might, otherwise, be tempted to impose upon the necessities of the borrower. Hence, I do not think the plaintiffs, who cannot, in any sense, be regarded as borrowers, can be permitted to avail themselves of any rights conferred by special statutory provisions upon a class of persons to which they do not belong. Hence, while Mrs. Jones, who was, unquestionably, the borrower of the money, might, if she had been required to pay more than lawful interest on the money which she borrowed, have maintained an action like this to recover back double the sum which she had paid in excess of the lawful interest, I am unable to perceive how these plaintiffs, who voluntarily assumed the payment of an obligation incurred by Mrs. Jones, which, as we have seen, was not, on its face, tainted with usury, can maintain any such action. These views I find fully supported by authority. In 2 Pom. Eq. Jur.,

sec. 937, the rule is laid down in the following language, and supported by numerous cases cited in the notes: "Since the illegality of usury is wholly the creature of legislation, the provision of the statute must furnish the rule determining the extent, limits, and occasion of relief. It results from a just interpretation of the legislation that the right to complain is a personal one, belonging only to the borrower and his representatives; no other party is entitled to relief, defensive or affirmative. The doctrine is, therefore, generally settled, that where land subject to a usurious mortgage is conveyed to a grantee, who assumes the payment thereof as a part of the consideration of the conveyance, he can not set up the usury either as a defense to a foreclosure or as a ground for a cancellation of the security. The same is true of any transferee of property, who, as a part of the transaction, assumes payment of a usurious debt." One of the cases cited to sustain this doctrine is *De Wolf* v. *Johnson*, 10 Wheat., 367, where it was held by the Supreme Court of the United States, that the assignee of an equity of redemption can not allege usury in the loan to the mortgagor to defeat a foreclosure by the mortgagee; and this was upon the ground that the plea of usury was personal to the borrower. So in 27 Am. & Eng. Ency. of Law, at page 949, I find the following language: "It is settled by a multitude of decisions, that the right to plead usury is a privilege personal to the debtor. The defense has been compared to that of infancy." And, again at page 956 of the same volume, it is said: "If a third person, either for accommodation or in payment of his own debt, contracts to pay the usurious debt of another, he cannot avoid the contract on the ground of such usury." This doctrine has been distinctly recognized by this Court, as may be seen by reference to the case of *Jeffries* v. *Allen*, 29 S. C., at page 508, where the late Chief Justice Simpson, in delivering the opinion of the Court, used this language: "It seems to be the law, as a general rule, that no one but the borrower, his sureties, heirs, devisees or personal representatives, can

set up the plea of usury.   See Tyler on Usury, and the nu-
merous cases which he cites in his chapter on the defense
of usury, page 403, *et seq.*"   Accordingly in that case Mrs.
Allen was denied the right to set up the usury claimed,
upon the ground that she was not the borrower.

It is contended, however, by the plaintiffs, that they hav-
ing paid more than the amount actually due on the bond
of Mrs. Jones, they are entitled, without reference to the
usury laws, to recover back the amount so overpaid.   A
sufficient answer to this position is that no such question,
so far as the "Case" shows, was ever presented to the Circuit
Judge, and certainly no such point was considered or passed
upon in his decree, a copy of which is set out in the "Case;"
and under the well settled rule, no such point can be consid-
ered here.   Besides, it is very obvious that there is nothing
in the complaint upon which to base any such position.
The allegation in the fourth paragraph of the complaint,
"that the *legal* amount due upon said bond and mortgage"
was much less than the amount exacted by defendant, is
a mere assertion of a legal conclusion and not the allegation
of any fact, which alone can be considered under a demurrer.
There is no allegation that anything more than the stipu-
lated interest—six per cent.—had been paid as interest, and
what amount, if any, had been paid on the principal, is left
wholly uncertain; for it certainly cannot be claimed that
the whole amount paid as monthly instalments on the stock
would operate as payments on the bond.   Surely a part, at
least, of those payments would justly go towards the ex-
penses incident to the business of the company, and making
good any losses that may have been incurred.   Indeed, I do
not see how it would be possible to ascertain the amount
with which the bond should be credited at the date of the
settlement, except by ascertaining the value of the stock at
that time, and crediting the amount so ascertained on the
bond.   To do this would require the allegation of facts,
which I do not find mentioned or alluded to in the com-
plaint.   It seems to me, therefore, that even if the point

raised by plaintiffs' fourth exception were properly before us, it could not be sustained.

While, therefore, I think the Circuit Judge erred in overruling the first ground of the demurrer, yet, as there was no error in sustaining the demurrer on the second ground, the judgment of this Court should be that the judgment of the Circuit Court be affirmed.